# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

LESSIE F. REED, )
 )
 Plaintiff, )
 )
v. ) Case No. CIV-06-463-KEW
 )
MICHAEL J. ASTRUE, Commissioner )
of Social Security Administration, )
 )
 Defendant. )

## OPINION AND ORDER

Plaintiff Lessie F. Reed, (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED AND REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a

disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on September 7, 1965 and was 40 years old at the time of the hearing.

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

She has a high school education. Earlier in her life, Claimant worked as a cashier, telemarketer, dispatcher, baby monitor, housekeeper, and file clerk. Claimant alleges an inability to work on May 15, 2002, due to diabetes with neuropathy, arthritis, and high blood pressure. Claimant also contends she is unable to work due to depression and anxiety.

## Procedural History

On May 28, 2004, Claimant filed for disability benefits under Title II (42 U.S.C.§ 401, et seq.) and for supplemental security income pursuant to Title XVI of the Social Security Act (42 U.S.C.§1381, et seq.). Claimant's application for benefits was denied initially and on reconsideration. A hearing before ALJ W. Howard O'Bryan, Jr. was held on November 14, 2005 in Oklahoma City, Oklahoma. By decision dated March 28, 2006, the ALJ found that Claimant was not disabled at any time through the date of the decision. On October 17, 2006, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416, 1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that Claimant retained the residual functional capacity to perform the full range of medium work.

## Review

Claimant asserts that the ALJ erred in: (1) ignoring significant probative evidence in the record; (2) failing to engage in an appropriate credibility analysis; (3) making improper RFC findings that were not based on substantial evidence; and (4) failing to perform the correct analysis for consideration of mental impairments.

## Credibility Analysis

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of Fact" and, as such will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

Claimant contends the ALJ did not base his credibility findings on substantial evidence. Here, the ALJ found that "claimant's allegation regarding her limitations are not totally credible. In this regard, the undersigned notes that the claimant testified that she does not use alcohol; however, the undersigned finds the claimant has a drinking problem." (Tr. 29).

The ALJ's statement challenging Claimant credibility does not constitute the necessary framework for appellate review. The ALJ did not refer to any specific evidence relevant to the factors required for a proper analysis of credibility. As a result, the ALJ shall reevaluate Claimant's credibility on remand with specific evidentiary references to the record.

4

**Discussion of the Evidence**

Claimant argues the ALJ erred by discussing only the evidence in the record supporting a finding of non-disability while ignoring significant probative evidence. Claimant specifically references medical records noting diabetic peripheral neuropathy in the legs.

Medical records from the Seminole Medical Clinic extend from June 4, 2004 through February 25, 2005. These records document that Claimant was noted to have diabetic neuropathy. (Tr. 156, 160, 172). Additionally, Claimant was examined by Dr. Paul M. Dichter on August 31, 2004 for a consultative examination. Dr. Dicher found "[t]he patient is monofilament positive both right and left foot showing decreased sensation due to neuropathy." He diagnosed Claimant with insulin dependent diabetes mellitus with early peripheral neuropathy. (Tr. 125-126).

Here, the ALJ referenced the report submitted by Dr. Dicher in his decision. Dr. Dicher's report was noted to contain a medical history positive for insulin dependent diabetes mellitus and arthritis without edema in the ankles or ulceration of the feet. He also noted relevant negative findings including orientation in all spheres; the absence of abnormal thinking; the absence of the appearance of anxiety; a steady stable and secure gait without the use of an assistive device; full and equal muscle strength in all extremities; the absence of any evidence of arthritis in the joints; normal grip strength; normal use of both hands; normal heel and toe walking; negative straight leg raising; the absence of tenderness or muscle spasms in the cervical spine; and the ability to effectively oppose the thumb to the finger tips, manipulate small objects, and grasp tools such as a hammer. The ALJ also noted bilateral visual acuity that was slightly reduced at 20/40. (Tr. 28).

An ALJ is required to discuss the evidence and explain the rationale behind any determination that a claimant is found not to be disabled. 42 U.S.C. § 405(b)(1). In addition to

discussing the evidence supporting his decision, an ALJ must also discuss the uncontroverted evidence that he chooses not to rely upon. In the absence of findings by the ALJ, supported by a specific weighing of the evidence, a determination cannot be made upon review whether relevant evidence supports the ALJ's conclusions. Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996).

Although it would have been preferable for the ALJ to cite the medical evidence referencing peripheral neuropathy and any resulting limitations, this Court cannot determine that the ALJ's discussion of the evidence was deficient in failing to provide a basis for appellate review. As this case is remanded on other issues, however, the ALJ is directed to discuss all of the relevant evidence resulting in his ultimate determination of disability and provide substantial evidence to support his conclusions.

**RFC Determination**

Claimant argues the RFC assessment is not supported by substantial evidence. In this case, the ALJ determined Claimant could perform the full range of medium work. Claimant contends this finding is inconsistent with medical evidence showing peripheral neuropathy which would limit the ability to stand for six hours in an eight-hour day.

In the sequential evaluation, step four requires the ALJ to perform a RFC assessment to determine if a Claimant retains the ability to perform the functional demands and job duties of his past relevant work. See, 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is defined as what an individual is capable of doing despite his mental and physical limitations. Davidson v. Secretary of Health & Human Services, 912 F.2d 1246, 1253 (10th Cir. 1990)); See also, 20 C.F.R. 404.1545(a). RFC categories have been established based on the physical and mental demands of

various kinds of work in the national economy. 20 C.F.R. §404.1567. The RFC assessment is based primarily on medical findings such as symptoms, signs, and laboratory results. Medical and non-medical sources must also be considered in assessing RFC. 20 C.F.R. § 404.1545(a).

The medical evidence in this case clearly establishes that Claimant does have diabetic peripheral neuropathy. However, the evidence does not establish the extent of any standing limitations she may have as a result of this impairment. Therefore, it cannot be determined that the ALJ erred by failing to assume that Claimant was unable to stand for six hours in an eight hour day. The ALJ's determination Claimant could perform a full range of medium work was not error based on the evidence of record.

**Discussion of Mental Impairments**

Claimant asserts the ALJ erred by failing to apply the correct legal standards when evaluating her mental impairments of depression and anxiety. Thus, Claimant argues the ALJ's decision is not supported by substantial evidence.

The burden to prove disability in a social security case is on the claimant and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Bowen v. Yuchert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ is charged with the responsibility to ensure that "an adequate record is developed during the disability hearing consistent with the issues raised." Henrie v. United States Department of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). In this case, Claimant's testimony, in addition to medical evidence showing treatment for depression and anxiety, triggered the ALJ's responsibility to address the presence of limitations from mental impairments.

Step two of the sequential evaluation requires an ALJ to determine whether the impairments

7

alleged by the Claimant are "severe." 20 C.F.R. §§ 404.1520(a)(ii)(c); 416.920(a)(4)(11),(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a); 416.921(a). Only "slight" impairments, imposing only a "minimal effect on an individual's ability to work" are considered "not severe:"

> An impairment or combination of impairments if found "not severe" and a finding of "not disabled" is made at [step two] when medical evidence establishes only a slight abnormalilty or combination of abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered[.]
>
> Soc. Sec. R. 85028, 1985 WL 56856, at 3 (emphasis added.); See also, Soc. Sec. R. ) 03-3p, 2003 WL 22813114, at 2.

Step two is designed to eliminate "at an early stage of the administrative process those individual's who cannot possible meet the statutory definition of disability." Bowen v. Yuchert, U.S. 137, 156 (1987) (O'Connor, J., concurring). "The mere presence of a condition or ailment" is insufficient to get the claimant past step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997). However, a claimant need only make a "de minimus" showing of impairment to move on to further steps in the analysis. Langly v. Barnhart, 373 F.3d 1116, 1123(10th Cir. 2004).

At the hearing, Claimant testified that she had problems with a facial rash resulting from anxiety. (Tr. 219-220). Additionally, she stated that she was battling some depression and anxiety and had been prescribed medication for these problems. (Tr.220). Medical evidence in the record also contained complaints from mental problems resulting in prescribed medication. (Tr. 156, 204).

In this case, Claimant's testimony as well as medical evidence in the record triggered

the ALJ's responsibility to address the presence of mental limitations from anxiety and depression. Absent this discussion, the ALJ's findings at step two of the sequential evaluation are not supported by substantial evidence.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this 5th day of November, 2007.

---

KIMBERLY E. WEST
U.S. MAGISTRATE JUDGE